■ LINDA SALAMINO, Appellant, v FRANK R. SALAMINO, Respondent. (Matter No. 1.) LINDA SALAMINO, Appellant, v PEOPLE AMBULETTE, INC., Respondent. (Matter No. 2.)

Linda Salamino and Frank Salamino were divorced on February 28, 1985. The judgment of divorce provided, *inter alia,* that he pay her the sum of $100 per week for maintenance for a period of four years and $150 per week for child support.

On December 27, 1985, after Mr. Salamino had been late on his maintenance payments, Mrs. Salamino served upon him an income execution for support enforcement, pursuant to CPLR 5241. After receiving no response, Mrs. Salamino served an undated income execution for support enforcement upon People Ambulette, Inc., the lessee of a building owned by Mr. Salamino. The document commanded People Ambulette, Inc. to deduct $250 per week for support and maintenance and $50 dollars per week for six weeks toward arrears commencing January 17, 1986. After People Ambulette, Inc.'s refusal to pay, Mrs. Salamino, by notice of petition dated March 25, 1986, sought compliance with the income execution served upon People Ambulette, Inc. and counsel fees.

In the interim, by motion returnable February 27, 1986, Mr. Salamino had moved for a modification of the divorce judgment, asking for the elimination of his maintenance and/or child support responsibilities due to a change in the parties' financial circumstances. Thereafter, by order to show cause dated March 27, 1986, Mr. Salamino sought to stay, *inter alia,* compliance with the income execution for support enforcement served upon his lessee, People Ambulette, Inc., and Mrs. Salamino cross-moved for counsel fees.

The Supreme Court, Queens County, after a hearing on the motions and cross motion and the petition, in relevant part, granted the husband's request for the elimination of his maintenance obligation as of February 10, 1986, awarded the wife a money judgment for arrears in maintenance from

November 8, 1985 through February 10, 1986, in the amount of $1,200, vacated the income execution for support enforcement served upon People Ambulette, Inc., and denied the requests for counsel fees.

We find that under the circumstances, the hearing court did not improvidently exercise its discretion by vacating the income execution served upon People Ambulette, Inc. (see, CPLR 5240). Therefore, we do not reach the issue of whether People Ambulette, Inc., the defendant's lessee, is an income payor included in CPLR 5241 (a) (5) (iii).

In addition, we find no basis for disturbing the hearing court's denial of Mrs. Salamino's requests for counsel fees. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.